IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES C. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-575-GMS |
| | ) |
| BEN T. CASTLE, ESQ., individually and in direct conjunction herewith Young, Conaway, Stargatt & Taylor, LLP, | ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

The plaintiff James C. Bell ("Bell"), filed this lawsuit on July 6, 2010, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 and 28 U.S.C. §§ 1331, 1343. He appears *pro se* and was granted leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

The allegations are difficult to discern. Bell refers to race and gender discrimination as well as proximate cause, attorney malpractice, and legal malpractice. While the body of the complaint is basically unintelligible, the exhibits indicate that the defendant Ben T. Castle ("Castle"), an attorney, represented Bell in a personal injury civil action filed in Delaware State Court. Bell was the plaintiff in the action and summary judgment was granted in favor of defendants. Based upon the exhibits and statements contained in the complaint, it appears that Bell attempts to raise a legal malpractice claim against Castle.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bell leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bell has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Bell's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## III. DISCUSSION

The complaint states that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1334. Bell refers to 42 U.S.C. § 1981(a) and (c) and § 1985(3) in an unsuccessful effort to vest this court with jurisdiction. The complaint does not allege facts that raise a federal question for the court to consider or that vests this court with jurisdiction. *See* 28 U.S.C. § 1331. Nor is § 1334 applicable as it refers to jurisdiction by reason of bankruptcy cases and proceedings. *See* 28 U.S.C. § 1334.

The essence of Bell's complaint is that Castle committed malpractice in the handling of Bell's personal injury case. The confusing allegations suggest that Bell may have a claim under state law. There are no allegations of diversity of citizenship, however, and both parties appear to be citizens of the State of Delaware. *See* 28 U.S.C. § 1332 (diversity jurisdiction requires that the controversy be between citizens of different states, and that the amount in controversy exceed $75,000). Whether diversity jurisdiction exists is determined by examining "the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, (1989); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). While the complaint makes no reference to the citizenship of the parties, the plaintiff provides a Delaware address and exhibits to the complaint indicate that Castle is located in Delaware. Therefore, the court concludes that the parties are not diverse, and the court does not have jurisdiction by reason of diversity of citizenship.

Because the complaint contains no federal question and there are no allegations of diversity of citizenship, the court has no jurisdiction over the matter. 28 U.S.C. § 1331, 28 U.S.C. § 1332; *See e.g., Manchester v. Rzewnicki*, 777 F. Supp. 319, 329 (D. Del. 1991), *aff'd*,

958 F.2d 364 (3d Cir. 1992). The complaint must be dismissed for want of jurisdiction.

Finally, the complaint is basically unintelligible. In reviewing it, it is clear that the complaint lacks an arguable basis either in law or in fact. Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

For the above stated reasons the court concludes that the complaint lacks an arguable basis either in law or in fact and it will be dismissed as frivolous and for want of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sept 28, 2010
Wilmington, Delaware